UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EDWARD J. MORROW AND SHERRI L. MORROW,<br><br>          Plaintiffs,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | No. CV-07-331-FVS<br><br>ORDER GRANTING MOTION TO DISMISS |

**THIS MATTER** comes before the Court based upon the defendant's motion to dismiss. The defendant is represented by W. Carl Hankla and Nathaliel B. Parker. The plaintiffs are representing themselves.

**BACKGROUND**

The Internal Revenue Service ("IRS") served a summons upon CitiMortgage, Inc., (hereinafter "CitiMortgage summons"). This summons seeks payroll information regarding Sherri Morrow. The IRS also served a summons upon Real Estate Services of Spokane, Inc. (d/b/a RE/MAX of Spokane) (hereinafter "RE/MAX summons"). This summons seeks payroll information regarding Edward Morrow. Upon learning of the summonses, the Morrows filed a pleading that is entitled "Petition to Quash Summons." In essence, they ask the Court to enjoin the IRS from using the summonses to obtain information about them. The IRS moves to dismiss their petition.

**RULING**

<u>CitiMortgage Summons</u>

CitiMortgage, Inc., is located in O'Fallon, Missouri. The Court lacks jurisdiction over a summons that is served outside the Eastern District of Washington. *Fortney v. United States*, 59 F.3d 117, 119 (9th Cir.1995) (jurisdiction "lies in the 'United States district

ORDER GRANTING MOTION TO DISMISS - 1

court for the district within which the person to be summoned resides or is found'" (quoting 26 U.S.C. § 7609(h)(1))).

<u>RE/MAX Summons</u>

The Anti-Injunction Act ("the Act"), 26 U.S.C. § 7421(a), narrowly limits actions to enjoin the assessment and collection of taxes by the IRS. *Elias v. Connett*, 908 F.2d 521, 523 (9th Cir.1990). A third-party summons falls within the scope of the Act. *See United States v. First Family Mortgage Corp.*, 739 F.2d 1275, 1278 (CA7 1984). There are several statutory exceptions and one judicial exception to the Anti-Injunction Act. *Elias*, 908 F.2d at 523. However, none applies. Thus, the Court lacks authority to enjoin the RE/MAX summons

**IT IS HEREBY ORDERED:**

The defendant's motion to dismiss (**Ct. Rec. 8**) is granted. The plaintiffs' "Petition to Quash" is denied.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this order, furnish copies to the plaintiffs and to counsel for the defendant, enter judgment accordingly, and close the case.

**DATED** this ___6th___ day of August, 2008.

                         s/ Fred Van Sickle
                          Fred Van Sickle
               Senior United States District Judge

ORDER GRANTING MOTION TO DISMISS - 2