UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

EDWARD J. MORROW AND SHERRI L. MORROW,

    Plaintiffs,

    v.

UNITED STATES OF AMERICA,

    Defendant.

No. CV-07-331-FVS

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

**THIS MATTER** comes before the Court based upon the plaintiffs' motion for relief from judgment. They are representing themselves. The defendant is represented by W. Carl Hankla and Nathaliel B. Parker.

**BACKGROUND**

The Internal Revenue Service ("IRS") served a summons upon CitiMortgage, Inc., (hereinafter "CitiMortgage summons"). This summons seeks payroll information regarding Sherri Morrow. The IRS also served a summons upon Real Estate Services of Spokane, Inc. (d/b/a RE/MAX of Spokane) (hereinafter "RE/MAX summons"). This summons seeks payroll information regarding Edward Morrow. Upon learning of the summonses, the Morrows filed a pleading that is entitled "Petition to Quash Summons." In essence, they asked the Court to enjoin the IRS from using the summonses to obtain information about them. The IRS moved to dismiss their petition; a motion that the Court granted on August 6, 2008. Judgment was entered the same

day. On September 15, 2008, the Morrows moved for "reconsideration."

**RULING**

The Federal Rules of Civil Procedure do not mention a "motion for reconsideration." *United States v. Emmons*, 107 F.3d 762, 764 (10th Cir.1997) (citations omitted). Even so, a motion to that effect is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within ten days of entry of judgment. *United States v. Nutri-Cology, Inc.*, 982 F.2d 394, 397 (9th Cir.1992). Otherwise, it is treated as a Rule 60(b) motion. *See United States v. Clark*, 984 F.2d 31, 34 (2nd Cir.1993). Here, the defendant moved for reconsideration over ten days after the Court entered its order denying his motion to vacate. Thus, the defendant's request for relief will be construed as a 60(b) motion. As the United States points out, the Morrows have not made a serious effort to establish that they are entitled to relief under Rule 60(b), nor is there any reason to think that they are.

**IT IS HEREBY ORDERED:**

1. The defendant's motion for reconsideration (**Ct. Rec. 22**) is denied.

2. The Court will not consider any additional motions for reconsideration or relief from the judgment.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this order and furnish copies to the plaintiffs and to counsel for the defendant.

**DATED** this ___29th___ day of September, 2008.

> s/ Fred Van Sickle
> Fred Van Sickle
> Senior United States District Judge

ORDER GRANTING MOTION TO DISMISS - 2